UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RAFAEL ROSADO,**

    **Plaintiff,**

v.                                        Case No: 5:13-CV-519-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for supplemental security income ("SSI"). The Court has reviewed the record, the memoranda (Docs. 18 & 19),[2] and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED** under sentence four of 42 U.S.C. §405(g).

### I. Procedural History and Summary of the ALJ's Decision

On May 13, 2010, Plaintiff protectively filed an application for SSI, alleging a disability onset date of May 1, 2008. (Tr. 206-11). The Social Security Administration ("SSA") denied his

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Plaintiff's counsel has again filed a 39-page memorandum without leave of court. Not only was this in direct violation of Local Rule 3.01, but it was also unnecessary. Indeed, Plaintiff's memorandum is replete with lengthy sections of boilerplate language and unnecessary recitation of excerpts from the administrative record. For example, counsel recites the ALJ's decision in its entirety from page 13 to page 31 of his memorandum. Although the Court could strike Plaintiff's memorandum, it declines to do so because it will delay the Court's ruling on the case. **With that said, Plaintiff's counsel is cautioned that in the future he must file a motion prior to filing a memorandum in excess of 25 pages AND there must be a legitimate reason for the request.**

application initially and upon reconsideration. (Tr. 89-90, 93-100). Plaintiff requested a hearing before an Administrative Law Judge (ALJ) (Tr. 103) and on March 27, 2012, ALJ Janet Mahon held a hearing. (Tr. 35-62). On May 24, 2012, ALJ Mahon issued an unfavorable decision. (Tr. 15-27).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 13, 2010, the application date. (Tr. 17). At step two, the ALJ determined that Plaintiff had the following severe impairments: lower back pain, hepatitis c, diabetes mellitus and depression/bipolar disorder. (Tr. 17).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> Perform less than the full range of light work as defined in 20 CFR 416.967(b). The claimant has the ability to lift and or carry, push, and pull 20 pounds occasionally and 10 pounds frequently, sit for six hours at a time for a total of eight hours per day, stand and or walk a total of six hours in an eight hour workday. However, he should never climb rope, ladder or scaffolds. He can climb, balance, stoop, kneel, crouch, and crawl occasionally. He should avoid concentrated exposure to fumes, odors, gases, poor ventilation and hazards such as heights and machinery. The claimant has a limited education, as reflected in his ability to read and write; as such the claimant is being limited to performing simple, routine task with only occasional interaction with the public.

(Tr. 20).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 25). However, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 26). Thus, the ALJ found that Plaintiff was not disabled from May 13, 2010, through the date of the decision. (Tr. 27). The Appeals Council denied Plaintiff's Request

for Review. (Tr. 1-4). After exhausting her administrative remedies, Plaintiff timely filed the instant appeal. (Doc. 1).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356,

1358 (11th Cir. 1991)(per curiam).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  *Foote*, 67 F.3d at 1560, *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

**III. Analysis**

*A. Combined Effect of Impairments*

Plaintiff argues, with very limited discussion, that the ALJ failed to properly evaluate the combined effect of his pain, depression, and bipolar disorder.  (Doc. 18 at 37-38).  However, as discussed *infra*, the ALJ considered Plaintiff's diagnoses and the relevant evidence in determining that Plaintiff's impairments limited him to a range of light work, with limitations reasonably caused by his physical and mental impairments.  (Tr. 20-25).  Plaintiff failed to show that his impairments (singly or in combination) caused any additional limitations on his ability to work.  Indeed, rather than pointing to any record evidence showing disabling symptoms or challenging the ALJ's consideration of any record evidence,[3] Plaintiff simply asserts that "it is well known that pain exacerbates depression and depression exacerbates pain."  (Doc. 18 at 37-38).  This unsupported assertion fails to show that Plaintiff's impairments in fact cause disabling symptoms that would preclude him for working.  *See Moore v. Barnhart,* 405 F.3d 1208, 1212 n.5 (11th Cir. 2005)("the mere existence of [ ] impairments does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard.")

Moreover, the ALJ found that Plaintiff had "severe impairments" and that he did not have "an impairment or a combination of impairments" that met or equaled a listed impairment.  (Tr.

---

[3] By not raising any such arguments in his memorandum, the undersigned finds that Plaintiff has abandoned them.  *See e.g., Sanchez v. Comm'r of Soc. Sec.*, 507 Fed. App'x 855, 856 n.1 (11th Cir. 2013).

- 5 -

17). The Eleventh Circuit has held that such findings are sufficient to establish that the ALJ considered the combined effect of the claimant's impairments during her evaluation. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Accordingly, I find that the ALJ properly evaluated the combined effect of Plaintiff's impairments.

### B. Credibility

Next, Plaintiff argues that the ALJ failed to properly consider his credibility. Plaintiff testified that he is unable to work due to constant neck and back pain, depression, and difficulty reading and writing. (Tr. 39-43). The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (Tr. 21.)

In evaluating the extent to which a claimant's symptoms affect his capacity to perform basic work activities, the ALJ properly considers all of the available evidence, including inconsistencies in the evidence, and the extent to which there are conflicts between claimant's statements and the rest of the evidence, including the history, signs and laboratory findings, and statements by treating and non-treating sources or other persons about how the symptoms affect the claimant. *See* 20 C.F.R. §416.929(c)(4). When as here, an ALJ decides not to credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (finding that articulated reasons must be based on substantial

evidence). However, in reviewing the ALJ's decision, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011)(per curiam). Here, the record does not reveal reversible error in the ALJ's finding.

As an initial matter, Plaintiff contends that the ALJ's credibility finding is "meaningless boilerplate," citing *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012) and *Hardman v. Barnhart*, 362 F.3d 676 (10th Cir. 2004). Subsequent cases from the Seventh and Tenth Circuits have clarified that despite the inclusion of boilerplate language, an ALJ's decision can still be affirmed where the ALJ provides analysis and justifies his credibility analysis. *See e.g., Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1170 (10th Cir. 2010)(use of "boilerplate is problematic only when it appears 'in the absence of a more thorough analysis.'"); *Pepper v. Colvin*, 712 F.3d 351, 367-68 (7th Cir. 2013)("the simple fact that an ALJ used boilerplate language does not automatically undermine or discredit the ALJ's ultimate conclusion if he otherwise points to information that justifies his credibility determination.") Here, the ALJ did not simply rely on boilerplate; rather, she provided a thorough explanation of the evidence and her reasoning about Plaintiff's credibility.

The ALJ reviewed the record as a whole and reasonably found that the objective medical evidence and Plaintiff's reported level of activity did not substantiate the alleged disabling symptoms.[4] The ALJ accorded significant weight to the opinion of state agency consultant, Dr. Donald Morford, who opined that Plaintiff could lift twenty pounds occasionally and ten pounds frequently, stand or walk for six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday; with some postural and environmental limitations. (Tr. 654, 655, 657). The

---

[4] Plaintiff failed to specifically challenge the ALJ's consideration of any medical evidence, except with respect to Dr. Hanflink as discussed *infra*, and thus, I find that he has waived any such arguments. *See e.g., Sanchez v. Comm'r of Soc. Sec.*, 507 Fed. App'x 855, 856 n.1 (11th Cir. 2013).

ALJ also accorded some weight to the opinions of state agency psychologists, Dr. David Partyka, Ph.D. (Tr. 569-86) and Dr. Beth Klein (Tr. 635-51). Dr. Partyka found that Plaintiff could perform three to four-step tasks with fair understanding and persistence; could attend and concentrate for at least three hours at a time; should be able to cope with at least mild stress and changes in the environment; and should be in a more isolated work environment. (Tr. 572). Dr. Klein concluded that Plaintiff was capable of carrying out instructions but had to continue receiving psychiatric care with attention to substance use as well. (Tr. 651). The ALJ's RFC and credibility determination is also supported by the findings of consultative examiner, Alexander T. Gimon, Ph.D., who examined Plaintiff in September 2010, and opined that he had the memory and cognitive functioning necessary for employment, was able to follow instruction, could handle sudden change in the workplace, and he could interact appropriately with coworkers. (Tr. 555-57). The ALJ's findings are also supported by consultative examiner, Nagy Shanawany, M.D. who reported that on examination Plaintiff had a restricted range of motion, but a normal gait, normal reflexes, and no sensory deficits. (Tr. 565-67).

The ALJ also properly discussed Plaintiff's activities of daily living which were inconsistent with disabling symptoms. *See Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005). Plaintiff testified that he prepares food, fixes his room, does laundry, helps with chores, mows the lawn, walks the dog, and runs errands. (Tr. 47). Plaintiff's mother reported that Plaintiff spends time with others, in person and on the phone; goes to church; and has no problem getting along with family, friends, neighbors or authority figures. (Tr. 18, 243-47).

Plaintiff vaguely contends that the ALJ erred by discussing only the evidence setting forth the normal findings and that she failed to consider Plaintiff's impairments in combination because she did not understand the significance of each of the impairments. Plaintiff, however, fails to

identify any abnormal findings that the ALJ purportedly did not consider and a review of the ALJ's Decision shows that she considered both normal and abnormal findings.

The only specific finding with which Plaintiff takes issue is the ALJ's determination that Plaintiff could stand or walk for six hours in an eight hour day. According to Plaintiff, the objective evidence "would lead a reasonable person to conclude that Plaintiff [ ] would never be able to maintain a job that required standing 3/4 of the work day." (Doc. 18 at 36). To support this claim, Plaintiff recites an excerpt from a June 4, 2010 report from Nathan J. Hanflink, D.O., but fails to offer any explanation as to how this record, which the ALJ discussed in her Decision, undermines the ALJ's RFC finding. (Doc. 18 at 36-37). Indeed, Dr. Hanflink did not provide any limitations as to Plaintiff's ability to stand or walk. (Tr. 552-53). Moreover, while his report reflects some abnormal findings (i.e., tenderness and muscle spasms of the lower back, decreased range of motion of the lower back, and straight-leg raising positive on the right side), it also reflects normal findings (i.e., 5/5 motor strength, negative straight-leg raising on the left side, and no sensory deficits). Likewise, the mere fact that Dr. Hanflink diagnosed low back pain, lumbar degenerative joint disease, lumbar radiculitis, and lumbar post-laminectomy syndrome, does not show that Plaintiff had greater limitations than those found by the ALJ. (Tr. 549-51). *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

To the contrary, the ALJ's finding is supported by substantial record evidence, which the ALJ discussed in her Decision. As noted above, the ALJ accorded significant weight to the opinion of Dr. Morford, who opined *inter alia* that Plaintiff could stand and walk for six hours in an eight-hour workday. (Tr. 653-60). In addition, the ALJ's conclusion is supported by Dr. Shanawany's report that Plaintiff had a normal gait, walked without assistance or assistive device, demonstrated

- 9 -

the ability to squat and heel to toe walk, had no sensory or motor defects, and had negative supine and seated straight leg raises. (Tr. 565-67).

Accordingly, I conclude that the ALJ articulated several reasons, well-supported by the record, for discrediting Plaintiff's subjective complaints.

### IV. RECOMMENDATION

In view of the foregoing, I recommend that the decision of the Commissioner be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE AND ENTERED** in Ocala, Florida, on January 27, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

All Counsel